## MELVIN THEODORE WITHERSPOON, JR. v. EDGAR A. OWEN, D/B/A DUFFY'S TAVERN.

(Filed 4 November, 1959.)

**1. Negligence § 4f(2)—**

While a proprietor is under duty to protect his patrons against foreseeable assaults by others, a patron is also under duty not to needlessly expose himself to danger, and nonsuit was properly entered in this action by a patron against the proprietor of a restaurant for injuries from an assault by another patron, if not on the ground that the proprietor could not have foreseen the assault, then on the ground that plaintiff attempted to pass the other patron who was belligerent and attempting to block the stairs, and that plaintiff had equal notice with the proprietor if the conditions were such as to give warning of probable assault.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Clarkson, J.,* March 23, 1959 Schedule B Civil Term. of MECKLENBURG.

Plaintiff seeks compensation for damages resulting from an assault and fall in defendant's place of business. Defendant denied negligence and pleaded contributory negligence.

Plaintiff alleged and defendant admitted defendant did business as Duffy's Tavern, operating a restaurant and dine and dance club open to the public; "the defendant serves beer to his customers and also set-ups, that is ice and mix for his customers and patrons to mix alcoholic drinks."

Plaintiff, with a party of six others, went to the tavern about 9:30 on Saturday night. They proceeded to the second floor dining room, access to which was provided by a stairway four or five feet wide.

Here they remained until closing time, 1:00 a.m., or later. Using plaintiff's language: "we closed them up. . ." While at the tavern the party purchased food and "mix" and consumed the whiskeys they had brought to the tavern.

At leaving time plaintiff remained to pay the bill for his party. There were four or five couples ahead of him. He was the last in line. The others of his party did not wait for plaintiff but went down the stairs.

The cashier's desk was located near the head of the stairs. An argument took place between a customer and the cashier. A man was standing at the head of the stairs, blocking traffic during the argument between the customer and the cashier. The person at the head of the stairs was loud and boisterous. The proprietor requested him to leave. Plaintiff testified: "After I paid the bill and started to go down the steps, this man was standing and blocking the steps and

I asked him to let me by. He didn't let me by. He said, 'If you want by, get by.' I started on by him. I proceeded on by him and when I did, he swung at me and I tried to catch on to something, and I couldn't find anything else to catch on to so I grabbed hold of him and we rolled down the steps together."

Defendant moved for nonsuit at the conclusion of plaintiff's evidence. The motion was allowed and plaintiff appealed.

*Charles M. Welling for plaintiff, appellant.*
*Carpenter & Webb for defendant, appellee.*

PER CURIAM. Conceding defendant's duty to protect his patrons against foreseeable assaults by others, the patron also had a duty not to needlessly expose himself to danger. Here plaintiff and defendant had equal knowledge. Apparently nothing had transpired which would indicate plaintiff could not descend in safety. So far as appears, the others ahead of him had done so. But if the conditions were such as to warn defendant that plaintiff might be assaulted if he attempted to descend, these conditions gave equal warning to plaintiff. He could no more ignore the dangerous condition, if it existed, than could defendant.

Affirmed.

HIGGINS, J., not sitting.